validity, and think a decree of confirmation must therefore be entered.

The transcript in this case contains several petitions of intervention by different parties, claiming portions of the land originally granted to Bale, under various conveyances. The board, in accordance with its decision in case No. 2 on their docket, have not attempted to adjudicate upon the conflicting titles of these claimants, and have merely affirmed the validity of the original grant, leaving the adverse titles of the heirs and other claimants under the original grant to be litigated before the ordinary tribunals. No appearance in this court has been entered, except on behalf of the original claimants before the board; nor is any objection made to an affirmation of the decree of the board in its present form, except that in this case, as in all cases of claims confirmed by the board, an appeal has been taken on the part of the United States. We think, therefore, that the decree of the board should be affirmed.

---

## Case No. 14,505.

UNITED STATES v. BALES OF TO-
BACCO.

[See Case No. 15,965.]

---

## Case No. 14,506.

UNITED STATES v. BALLARD.

[13 Int. Rev. Rec. 195.]

District Court, E. D. Michigan. March Term,
1871.

CUSTOMS DUTIES — FRAUDULENT IMPORTATION —
STATUTORY OFFENCES—INFORMATION—MOTION
IN ARREST OF JUDGMENT.

1. In an indictment or information for a purely statutory offence the averment of the offence in the words of the statute creating it is, as a general rule, sufficient.

2. The tendency of modern legislation and judicial decisions is to discard unnecessary technicalities, and especially in misdemeanors created by statute.

3. The practical construction given to a law by the practice of the court and bar since the enactment of the law, and the form adopted for the enforcement of the penalties provided by that law, are not to be overturned but on the clearest proof that that construction is erroneous and the method of procedure defective.

4. Section 3 of the act of March 3, 1863 (12 Stat. 739), considered and construed.

5. Effect of and construction to be given to general words in statutes following particular, and the purpose of the general words "or otherwise," employed in section 3 of the act of March 3. 1863, declared.

6. The means employed to effect the commission of a statutory offence may or may not be set out in the information, at the option of the pleader.

7. The acts necessary to effect an entry being prescribed by statute, an allegation that an entry was effected is a specific statement of what acts were done, without a specific description of those acts.

8. The property charged in the information to have been entered being a horse, is required by

law to be entered at actual cost or market value, and not "upon a classification thereof as to quality or value."

[Cited in U. S. v. Staton, Case No. 16,382.]

9. The allegations of the information as to the nature of the property and the place where and the time when the offence was committed are sufficient to apprise the defendant of what he is called upon to defend, and to plead in bar to a second prosecution for the same offence.

The offence is charged in the information in the following words: "One James Z. Ballard, late of Detroit aforesaid, did knowingly by means of a certain false representation effect an entry into the United States of certain merchandise, to wit, one brown horse, by payment of less than the amount of duty legally due thereon."

The defendant having been convicted, this motion is now made in arrest of judgment for the following reasons: (1) That it is not set forth in the information what the representation was, and that the same was false. (2) That the information does not set forth the facts and circumstances constituting the offence, and especially such statement of facts as, if true, would constitute effecting an entry. (3) "Because it is alleged in said information that the entry was made by payment of a less amount of duty than that legally due upon said horse, whereas the evidence showed that such entry, if coming within the statute within which such information was framed, constituted the offence of entering at a false classification as to value."

A. B. Maynard, U. S. Dist. Atty.
Alfred Russell, for defendant.

LONGYEAR, District Judge. The statute upon which this prosecution is based is section 3 of the act of March 3, 1863 (12 Stat. 739), and is in the following words: "If any person shall, by the exhibition of any false sample, or by means of any false representation or device, or by collusion with any officer of the revenue, or otherwise, knowingly effect or aid in effecting an entry of any goods, wares, or merchandise at less than the true weight or measure thereof, or upon a false classification thereof as to quality or value, or by the payment of less than the amount of duty legally due thereon, such person shall, upon conviction thereof, be fined in any sum not exceeding five thousand dollars, or be imprisoned not exceeding two years, or both, at the discretion of the court."

The offence here created is a misdemeanor. The general rule is, in indictments for misdemeanors created by statute, that it is sufficient to charge the crime in the words of the statute. There is not in such cases that technical nicety required as in cases of felony. U. S. v. Mills, 7 Pet. [32 U. S.] 142; U. S. v. Gooding, 12 Pet. [37 U. S.] 460, 474; U. S. v. Lancaster [Case No. 15,556]; Harrison v. State, 2 Cold. 232; Whart. Cr. Law, § 364; 1 Bish. Cr. Proc. § 359. Such being the gen-